IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **WESTLAKE ROYAL BUILDING PRODUCTS INC.** | : |
| **Plaintiff,** | : |
| | : CIVIL ACTION NO. 2:23-cv-10797 |
| V. | : Judge: |
| | : |
| **INNOVATOOLS INC.** | : |
| **Defendant.** | : |

## COMPLAINT

Plaintiff Westlake Royal Building Products Inc. ("Westlake Royal Building Products" or "Plaintiff") files this Complaint against Defendant InnovaTools Inc. ("InnovaTools" or "Defendant") and alleges as follows:

### I.  NATURE OF THE SUIT

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, specifically 35 U.S.C. § 271, including 35 U.S.C. § 271(a), (b), (c), and (f).

## II.  THE PARTIES

2. Plaintiff Westlake Royal Building Products is a corporation organized under the laws of the state of Delaware and having a principal place of business at 2801 Post Oak Blvd., Suite 600, Houston, TX 77056.

3. Defendant InnovaTools is a corporation organized under the laws of Canada and has a principal place of business at 109 Clement St., Vars, Ontario K0A 3H0, Canada.

## III.  JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code, among other claims, including 35 U.S.C. §§ 1 and 271. Thus, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, and 1338(a).

5. This Court has personal jurisdiction over the Defendant pursuant to Fed. R. Civ. P. 4(k)(2).

6. This Court has personal jurisdiction over the Defendant pursuant to due process and § 600.715 of the Michigan Long Arm Statute. The Defendant, directly or through intermediaries, has conducted substantial business in this judicial district and state, which created any of the following relationships: (1) the transaction of any business within the state; (2) the doing or causing any act to be done, or consequences to

occur, in the state resulting in an action for tort; (3) the ownership, use, or possession of any real or tangible personal property situated within the state; (4) contracting to insure any person, property, or risk located within this state at the time of contracting; and/or (5) entering into a contract for services to be performed or for materials to be furnished in the state by the Defendant. As a result, the Defendant has established minimum contacts within this judicial district such that the exercise of jurisdiction would not offend traditional notions of fair play and justice

7. For example, the Defendant entered into a private label agreement with Boral Building Products Inc., which was located in this judicial district. Pursuant to that agreement, the Defendant shipped parts into this judicial district. The private label agreement extended from March 6, 2019, to March 5, 2020.

8. Venue is proper in this Court under 28 U.S.C. §§ 1391(b)–(d) for the reasons set forth above.

## IV. BACKGROUND FACTS

9. Westlake Royal Building Products is in the business of designing and manufacturing sheet bending brakes, which are primarily used for bending sheet metal into various siding parts.

10. In particular, Westlake Royal Building Products Inc. acquired

Boral Building Products Inc. on or about October 1, 2021, and is the current owner of the TAPCO and TAPCO TOOLS brands of sheet bending brakes.

11. The TAPCO and TAPCO TOOLS brands have led the innovation of sheet bending brakes and related accessories for over 50 years.

12. Westlake Royal Building Products has never sold, licensed, or otherwise authorized Defendant to use U.S. Patent No. 7,549,311 or any other of its intellectual property to make, use, or sell sheet bending brakes.

13. Defendant is in the business of making, selling, and using infringing sheet bending brakes in the United States that it identifies as the Contractor Grade Modular Siding Brake and the Heavy Duty Modular Bending Brake, which are shown in Exhibit A.

14. Defendant is also involved with supplying, or causing such supply, of the above-mentioned infringing sheet bending brakes, and/or components thereof, in such a manner as to actively induce infringement of the patent-in-suit by actively inducing the combination of these components in a manner that would infringe the patent if such combination occurred, or there is subsequent use of the infringing brake, and/or by aiding, abetting, encouraging, and contributing to the infringement of the patent-in-suit by others that make, use, and/or sell the infringing brakes in

the United States.

15. Defendant has shipped assembled infringing brakes into the United States and/or shipped components into the United States for themselves and/or others to assemble the components into the infringing brakes.

16. Defendant provides video instruction on how to assemble components into the infringing brakes, such as shown in Exhibit B.

17. Defendant advertises, markets, and sells the infringing sheet brakes on its website (https://innovatools.ca) (*see* Exhibit A).

18. Defendant began taking pre-orders of the infringing sheet bending brakes on its website in 2022.

19. After learning that Defendant was taking pre-orders for infringing sheet bending brakes, a cease and desist letter was sent, along with an infringement claim chart and asserted patents including the patent-in-suit, on November 16, 2022, which are attached as Exhibit C.

20. Defendant continued to take pre-orders for and sell the infringing sheet bending brakes in the United States after receiving the cease and desist letter.

21. Defendant responded to the cease and desist letter on January 13, 2023, without providing any demonstrative evidence of non-

infringement, wherein the response is attached as Exhibit D.

22. A second cease and desist letter was sent on March 3, 2023, which is attached as Exhibit E.

23. Defendant continued to sell the infringing sheet bending brakes in the United States after receiving the second cease and desist letter.

24. Defendant provided a booth at the JLC Live tradeshow in Providence, Rhode Island that took place from March 23 - March 25, 2023. Information and a photo regarding the InnovaTools booth are attached as Exhibit F.

25. Westlake Royal Building Products and the Defendant are direct competitors in the market for sheet bending brakes.

26. Westlake Royal Building Products has lost sales, revenues, profits, and suffered other harm due to Defendant's ongoing infringement of the patent-in-suit.

27. Westlake Royal Building Products will continue to lose sales, revenues, and profits if Defendant's infringing activity is not stopped.

28. Defendant's actions constitute willful and deliberate infringement.

## V.  STATEMENT OF CLAIM

29.  The allegations of the preceding paragraphs are incorporated as if fully set forth herein.

30.  Westlake Royal Building Products is the owner of all right, title, and interest in and to U.S. Patent No. 7,549,311 (the "'311 Patent"), which is also referred hereto as the "patent-in-suit."  A true and accurate copy of the '311 Patent is attached as Exhibit G.

31.  Ownership of the '311 Patent was assigned to Westlake Royal Building Products on or about October 29, 2021, as recorded by the USPTO at reel/frame no. 063025/0122.  A true and accurate copy of the assignment document is attached as Exhibit H.

32.  Thus, upon information and belief, Westlake Royal Building Products was and is the owner of the '311 Patent at all times relevant to this action.  Westlake Royal Building Products has the right to sue for past, present, and future infringement of the '311 Patent.

33.  Westlake Royal Building Products also holds the right to sue and recover damages, including past damages, for infringement of the '311 Patent.

34.  In view of the cease and desist letter, infringement claim chart, and the patent-in-suit sent to Defendant on November 16, 2022, and the

second cease and desist letter sent to InnovaTools on March 3, 2023, Defendant was given written notice of infringement of the patent-in-suit.

## **COUNT I—Direct Infringement of the Patent-In-Suit**

35.  The allegations of the preceding paragraphs are incorporated by reference as if fully set forth herein.

36.  Defendant has directly infringed and continued to infringe at least one claim of the '311 Patent in violation of 35 U.S.C. § 271(a) by making, using, licensing, selling, and/or offering to sell in the United States, without Westlake Royal Building Products' authority, sheet bending brakes that use the patented bending brake assembly and also related accessories.  By way of example only, and without limiting Westlake Royal Building Products' claims to this specific example, Defendant's acts of making, selling, or offering to sell sheet bending brakes currently identified as the Contractor Grade Siding Brake and the Heavy Duty Modular Bending Brake (*see, e.g., supra* Exhibit A) and also related accessories, amounts to direct infringement of the '311 Patent.  The Contractor Grade Siding Brake and the Heavy Duty Modular Bending Brake are also referred to as the Accused Products.

37.  Westlake Royal Building Products has provided herewith, and herein incorporates by reference, the exemplary claim chart (*See supra* Exhibit C), showing how the Accused Products compare to certain claims of

the patent-in-suit in an exemplary manner. Westlake Royal Building Products reserves its rights to pursue all available infringement arguments as this case progresses.

38. For example, Defendant has directly infringed and continues to infringe at least claims 1, 4, 5, 6, 15-17, 20, and 21 of the '311 Patent in violation of 35 U.S.C. § 271(a) by making, using, licensing, selling, and/or offering to sell in the United States, without Westlake Royal Building Products' authority, the Accused Products that use the patented bending brake assembly.

39. The Accused Products contain each and every element of the asserted claims literally. In the alternative, the Accused Products contain each and every element of the asserted claims literally or under the doctrine of equivalents. If found that an element is not literally present in the Accused Products, such element(s) is/are present in an equivalent form, such that there are insubstantial differences between the claimed invention and the Accused Products.

40. Westlake Royal Building Products has been injured and seeks damages to adequately compensate it for Defendant's infringement of the '311 Patent and other lost and related, convoyed revenue. Such damages

should be Westlake Royal Building Products' lost profits, but in any event no less than the amount of a reasonable royalty under 35 U.S.C. § 284.

41.     Defendant has willfully infringed the '311 Patent.  For example, after acquiring knowledge of the '311 Patent, Defendant continued with its infringing acts in bad faith in view of the infringement allegations.  For example, after acquiring knowledge of the '311 Patent, and after acquiring actual notice of infringement (e.g., receiving a notice letter with the patent-in-suit and a detailed infringement claim chart with pictures of the Accused Products), Defendant continued to take pre-orders and otherwise continued to make, offer to sell, and sell the Accused Products and related accessories to customers in the United States, continuing such efforts even after a second notice of infringement, and by further attending a trade show in the United States for the Accused Products and related accessories. These acts amount to willful and deliberate acts of infringement and amount to egregious misconduct.

42.     Defendant will continue to infringe the '311 Patent unless enjoined by this Court.  Westlake Royal Building Products therefore requests that this Court enter an order under 35 U.S.C. § 283 preliminarily and permanently enjoining Defendant from continuing to make, use, sell, license, offer to sell, and/or import into the United States the products accused of

infringing the '311 Patent, and also related accessories, and from further direct infringement.

## COUNT II - Indirect Infringement of the Patent-In-Suit

43. The allegations of the preceding paragraphs are incorporated by reference as if fully set forth herein.

44. Defendant has, under 35 U.S.C. § 271(b), indirectly infringed and continues to indirectly infringe, the '311 Patent by, *inter alia*, inducing others to make, use, license, sell, and/or offering to sell the Accused Products covered by the '311 Patent in the United States along with related accessories and distributing, marketing, and advertising those Accused Products covered by the '311 Patent and related accessories in the United States.

45. Defendant has had actual knowledge of infringement of the '311 Patent. As set forth in detail herein, Defendant had actual knowledge or was willfully blind to the fact that Defendant's products infringe the patent-in-suit.

46. Despite having such knowledge of the patent-in-suit, Defendant continued to take pre-orders and make its infringing products available to its customers in the United States.

47. Defendant's customers directly infringe the '311 Patent by, for example, assembling and using the Accused Products along with related accessories.

48. Defendant is aware that it provides its customers with the Accused Products, or the components for the Accused Products, and encourages and instructs customers to assemble and use the Accused Products along with related accessories such that at least one claim of the '311 Patent is infringed. For example, Defendant knowingly provides its customers with Accused Products, or the components for the Accused Products, along with related accessories, that customers use to infringe the '311 Patent. As another example, Defendant knowingly provides their customers or prospective customers with, *inter alia*, instructional manuals, marketing materials, and/or training materials (e.g., instructional videos) accompanying or regarding the Accused Products that inform or instruct a customer on how to assemble and/or use the Accused Products (e.g., along with related accessories).

49. Defendant continues to inform or instruct their customers on assembling and/or using the Accused Products and related accessories. The information or instructions evidence clear intent by Defendant to induce

that which Defendant knows would be actual infringement of the '311 Patent on the part of its customers.

50. Despite actual knowledge of the '311 Patent, Defendant has actively and willfully induced the direct infringement of the '311 Patent by advertising assembly or infringing use of the Accused Products with related accessories, offering technical assistance on how to assemble and use the Accused Products with related accessories in their intended, infringing manner, and by providing products, technical support, advice, and other assistance directly to customers that, in turn, use to directly infringe the '311 Patent.

51. In the alternative, despite actual knowledge of the '311 Patent, Defendant has been willfully blind to the fact that the actions being induced constituted infringement of the '311 Patent.

52. Accordingly, Defendant is actively and knowingly aiding and abetting its customers' direct infringement of the '311 Patent.  As a direct and proximate result of Defendant's acts of inducing infringement of the '311 Patent together with related accessories, Westlake Royal Building Products has suffered injury and monetary damages for which Westlake Royal Building Products is entitled to relief of lost profits attributable to the

infringements, but in any event, no less than a reasonable royalty to compensate for Defendant's infringement.

53. Defendant will continue to induce infringement of the '311 Patent, causing immediate and irreparable harm, unless this Court enjoins and restrains Defendant's activities, specifically the acts of making, using, licensing, selling, and/or offering to sell the Accused Products, or the components to assemble the Accused Products, and related accessories.

54. The induced infringement by Defendant has and will deprive Westlake Royal Building Products of royalties and other related, convoyed revenue which Westlake Royal Building Products would have made or would enjoy in the future, has injured Westlake Royal Building Products in other respects and will cause Westlake Royal Building Products added injury and damages unless Defendant is enjoined from inducing infringement of the '311 Patent, until the expiration of the '311 Patent.

55. Defendant has, under 35 U.S.C. § 271(c), indirectly infringed, and continues to infringe the '311 Patent by, *inter alia*, selling and offering to sell, the Accused Products, or the components to assemble the Accused Products, together with related accessories, while knowing that the Accused Products, and the components to assemble the Accused Products, as well as related accessories, have no substantial non-infringing uses and are

known by Defendant to be especially made or especially adapted for use in an infringement of the '311 Patent.

56. Despite having knowledge of the '311 Patent, Defendant continues to make the Accused Products, and components to assemble the Accused Products, as well as related accessories, available to customers in the United States.

57. Defendant's customers directly infringe the '311 Patent by, for example, assembling and using the infringing products.

58. Defendant makes and sells the Accused Products and related accessories knowing that the infringing products are especially made and adapted for use in an infringement of the '311 Patent.

59. By providing the infringing products that have no substantial non-infringing uses, Defendant is actively and knowingly contributing to its customers' direct infringement of the '311 Patent. As a direct and proximate result of Defendant's acts of contributory infringement of the '311 Patent, Westlake Royal Building Products has suffered injury and monetary damages for which Westlake Royal Building Products is entitled to relief, in no event less than a reasonable royalty to compensate for Defendant's infringement.

60. Defendant will continue to contribute to the direct infringement of the '311 Patent, causing immediate and irreparable harm, unless this Court enjoins and restrains Defendant's activities, specifically the acts of making, using, licensing, selling, and/or offering to sell, the Accused Products and/or the components to assemble the Accused Products, as well as related accessories.

61. The contributory infringement by Defendant has and will deprive Westlake Royal Building Products of lost profits or royalties and other related, convoyed revenue which Westlake Royal Building Products would have made or would enjoy in the future, has injured Westlake Royal Building Products in other respects and will cause Westlake Royal Building Products added injury and damages unless Defendant is enjoined from contributing to the infringement of the '311 Patent, until the expiration of the '311 Patent.

62. Defendant has willfully infringed the '311 Patent by its acts of indirect infringement.  For example, after acquiring knowledge of the '311 Patent, Defendant continued with the infringing acts in bad faith in view of the infringement allegations.  For example, after acquiring knowledge of the patents, and after acquiring actual notice of infringement (e.g., receiving a notice letter from Plaintiff with the patent-in-suit and a detailed infringement claim chart with pictures of the Accused Products), Defendant has continued

to indirectly infringe the '311 Patent (e.g., by continuing to take pre-orders and otherwise continuing to make, offer to sell, and sell the Accused Products, or components for assembling the Accused Products, or related accessories for using the Accused Products, to customers in the United States with instructions and encouragement on how to assemble and/or use the Accused Products and related accessories, continuing such efforts even after a second notice of infringement, and by further attending a tradeshow in the United States for the Accused Products and related accessories). Defendant continued its infringing conduct after receiving actual notice of infringement in light of the fact that Defendant knew or should have known its conduct amounted to infringement.  These acts amount to willful and deliberate acts of infringement and amount to egregious misconduct.

63. Defendant will continue to indirectly infringe the '311 Patent unless enjoined by this Court.  Westlake Royal Building Products therefore requests that this Court enter an order under 35 U.S.C. § 283 preliminarily and permanently enjoining Defendant from further acts of contributory infringement and/or inducing infringement of the '311 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Westlake Royal Building Products respectfully requests the following relief:

a. A judgment in favor of Westlake Royal Building Products that Defendant has infringed the '311 Patent, whether literally or under the doctrine of equivalents, as described herein;

b. A judgment and order requiring Defendant to pay Westlake Royal Building Products its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the '311 Patent as provided under 35 U.S.C. § 284, including supplemental damages for any continuing post-verdict or post-judgment infringement with an accounting as needed;

c. An accounting of damages to Westlake Royal Building Products arising from Defendant's acts of infringement, contributory infringement, and/or active inducement of infringement, the damages including lost profits, but in no event less than a reasonable royalty, to be paid by Defendant as a result of Defendant's infringing activities;

d. An order under 35 U.S.C. § 283 preliminarily and permanently enjoining Defendant from continuing to make, use, license, sell, offer to sell, and/or import into the United States the products, components, and

accessories accused of directly or indirectly infringing the '311 Patent, and from further infringement, contributory infringement, and/or inducing infringement of the '311 Patent;

    e.    A finding that this is an "exceptional case" under 35 U.S.C. § 285;

    f.    For an award to Westlake Royal Building Products of three times the actual damages for willfully infringing the '311 Patent;

    g.    That Defendant be preliminarily and permanently enjoined from participating in their illegal activities as described herein;

    h.    Awarding to Westlake Royal Building Products extraordinary and punitive damages allowed by patent law, including but not limited to trebling all monetary damages awarded to Westlake Royal Building Products;

    i.    That the Court grant Westlake Royal Building Products any other remedy to which they are entitled as provided under Federal or State law, including costs and attorneys' fees; and

    j.    Such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff requests a jury trial of all issues triable of right by jury.

Dated: April 6, 2023          Respectfully submitted,

WESTLAKE ROYAL BUILDING PRODUCTS INC.

/s/ Jeffrey S. Standley
Jeffrey S. Standley (Ohio Bar 0047248)
Admitted to the United States District Court for the Eastern District of Michigan
**STANDLEY LAW GROUP LLP**
6300 Riverside Drive
Dublin, OH 43017
Telephone: (614) 792-5555
Facsimile: (614) 792-5536
Email: jstandley@standleyllp.com
Email: litigation@standleyllp.com

*Counsel for Plaintiff Westlake Royal Building Products Inc.*